## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| VICKY PROUSE, on behalf of herself and all others similarly situated, | |
| Plaintiff, | CIVIL ACTION NO. 14-6652 |
| v. | **JURY TRIAL DEMANDED** |
| QG PRINTING III CO. d/b/a QUAD/GRAPHICS f/d/b/a BROWN PRINTING COMPANY 668 Gravel Pike East Greenville, PA 18041 | **FILED** JAN 1 5 2015 MICHAEL E. KUNZ, Clerk By_____ Dep. Clerk |
| Defendant. | |

## AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Vicky Prouse ("Ms. Prouse" or "Plaintiff"), by and through her undersigned Attorneys, for her Complaint against Defendant, QG Printing III Co. d/b/a Quad/Graphics f/d/b/a Brown Printing Company, alleges, upon personal belief as to her own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this Complaint contending that Defendant has improperly failed to pay her and others similarly situated overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333, *et seq.* Plaintiff also initiates this action to redress violations by Defendant of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* Plaintiff asserts that her FMLA rights were interfered with and that she was terminated from employment with Defendant in retaliation for exercising her rights under the FMLA.

Finally, Plaintiff contends that her employment was terminated by Defendant in retaliation for her workers' compensation benefits in violation of public policy under Pennsylvania law.

2.     Plaintiff is a former employee of Defendant who was employed as a Customer Account Manager ("CAM") at Defendant's location in East Greenville, PA.  During the course of her employment, Plaintiff regularly worked more than forty (40) hours per week, but was not properly compensated for her work in that Plaintiff was not paid an overtime premium calculated at 1.5 times her regular rate of pay for each hour worked in excess of 40 hours in a work week as required by the FLSA and PMWA.

3.     Plaintiff brings this action as a representative action under the FLSA and PMWA for monetary damages, to seek redress for Defendant's willful, unlawful, and improper conduct.

### PARTIES

4.     Plaintiff, Vicky Prouse ("Ms. Prouse" or "Plaintiff"), is an adult American citizen who presently maintains a residence at 1053 Heather Lane, Quakertown, PA 18951.

5.     Upon information and belief, during the course of Plaintiff's employment with Defendant, Plaintiff was employed by Gruner + Jahr Printing and Publishing Co., a Delaware general partnership, d/b/a Brown Printing Company.

6.     Upon information and belief, in 2014 Gruner + Jahr Printing and Publishing Co. d/b/a Brown Printing Company was purchased by Quad/Graphics Printing Corp., a Delaware corporation, and QG, LLC, a Delaware limited liability company.

7.     Upon information and belief, subsequent to its acquisition, Gruner + Jahr Printing Co. d/b/a Brown Printing Company changed its name to QG Printing III Co. d/b/a Quad/Graphics.

2

8.	Defendant, QG Printing III Co., meets the definition of a "private employer" and at all times relevant hereto was covered by the FMLA, FLSA, and PMWA.

9.	Upon information and belief, Defendant QG Printing III Co., maintains a principal place of business at 668 Gravel Pike, East Greenville, PA 18041.

10.	Plaintiff has been employed by Defendant during all times relevant hereto and, as such, is an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

## JURISDICTION AND VENUE

11.	Paragraphs 1 through 10 are hereby incorporated by reference, as though the same were more fully set forth at length herein.

12.	This is an action authorized and instituted pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. and the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

13.	This Court has jurisdiction over this matter, pursuant to 28 U.S.C. § 1331 and 1343 as it is a civil rights action arising under the laws of the United States.

14.	This court also has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

15.	This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative facts as the FLSA claims.

16.	The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as the Defendant resides in this district, conducts business in this district and the events giving rise to this action occurred in this district.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17.     Paragraphs 1 through 16 are hereby incorporated by reference as though the same were more fully set forth at length herein.

18.     This action is brought as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

19.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Customer Account Manager or in positions with similar job duties who were subject to Defendant's unlawful pay practices and policies described herein and who worked for Defendant at any point in the three years preceding the date the instant action was initiated (the members of the putative class are hereinafter referred to as the "Class Plaintiffs").

20.     Plaintiff estimates that there are in excess of ten (10) other similarly situated Class Plaintiffs who either are working or worked for Defendant and were unlawfully denied overtime compensation for hours worked in excess of 40 in a workweek. The precise number of employees can be easily ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records. Potential Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

21.     Pursuant to 29 U.S.C. § 216 (b), this action is properly maintained as a collective action because all the class members are similarly situated. Plaintiff and other similarly situated employees were similarly misclassified as exempt for overtime purposes and not paid not paid an overtime premium for hours worked in excess of 40 in a workweek, had the same job

4

classification and job duties, and were subject to the same uniform policies, business practices, payroll practices and operating procedures. Further, Defendant's willful policies and practices which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant failed to pay Plaintiff and Class Plaintiffs an overtime premium for all hours worked over (40) forty hours in a work week, have affected Plaintiff and the Class Plaintiffs in the same fashion.

22.     Defendant willfully and unlawfully misclassified Plaintiff and Class Plaintiffs as "exempt" under the FLSA and willfully and improperly failed to pay Plaintiff and Class Plaintiffs overtime compensation in accordance with the FLSA. Plaintiff and Class Plaintiffs are not exempt from receiving overtime benefits.

23.     Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

24.     Paragraphs 1 through 23 are hereby incorporated by reference as though the same were more fully set forth at length herein.

25.     Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rule of Civil Procedure:

All persons presently or formerly employed by Defendant during the last three (3) years in the position of Customer Account Manager or in positions with similar job duties who were denied overtime compensation for work performed in excess of 40 hours in a work week.

5

26.    The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

27.    Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

a.    Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of 40 hours per week under the PMWA;

b.    Whether Plaintiff and the Class worked in excess of 40 hours per week;

c.    Whether Plaintiff and the Class have suffered and are entitled to damages, and, if so, in what amount;

28.    Plaintiff's claims are typical of the claims of the Class members. Plaintiff is a former employee of Defendant who was employed in the position of Customer Account Manager who has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay wages and overtime compensation. Defendant's conduct of violating the PMWA has affected Plaintiff and the Class in the exact same way.

29.    Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

30.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

31.    Pursuant to Rules 23(b)(1), (b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

a.       the prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

b.       Defendant, by failing to pay overtime compensation when it is due and owing in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

c.       the common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

32.       A Class Action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class Action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of the Class to protect their interests.

## FACTUAL BACKGROUND

33.     Paragraphs 1 through 32 are hereby incorporated by reference, as though the same were more fully set forth at length herein.

34.     On or around August 16, 2010, Defendant hired Plaintiff as the Customer Account Manager ("CAM") at its location in East Greenville, PA.

35.     From August 2010 until February 2014, Plaintiff received positive employee evaluations, no discipline, periodic praise for her work, and raises.

36.     For example, Plaintiff achieved performance ratings of "Successful" (which by Defendant's own definition means that the employee "Meets requirements / expectations in full measure" at "100% achievement of goals") and "Outstanding" for all categories in her Performance Management Documentation for 2011 and 2012.[1]

## FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF'S
## FMLA AND WORKERS' COMPENSATION RETALIATION CLAIM

37.     Paragraphs 1 through 36 are hereby incorporated by reference as though the same were more fully set forth at length herein.

38.     On or around December 10, 2013, Plaintiff slipped and fell while walking to her car in Defendant's parking lot as a result of the accumulation of hazardous black ice. Plaintiff landed on both her knees, causing a painful injury later revealed to be a tear in her meniscus, as well as bilateral anserine bursitis.

39.     On or around December 11, 2013, upon Plaintiff's return to work, Plaintiff informed her immediate supervisor Kelly Knauss, and the Director of Plaintiff's accident. Plaintiff's supervisor completed an incident report regarding the accident later that afternoon.

---

[1] Plaintiff never received her Performance Management documentation for 2013 since, upon information, Defendant typically provided these documents in March, and Plaintiff's employment was unlawfully terminated in February, 2014.

8

40.     On or around January 13, 2014, while visiting her family doctor regarding a foot condition (bunions), Plaintiff was advised to see a doctor provided by her place of employment about her knee pain.

41.     On or around January 13, 2014, Plaintiff notified Defendant's Human Resources Department that she wanted to see Defendant's designated workers' compensation doctor about her knee pain.

42.     Upon information and belief, as a result of Plaintiff's injuries, and because her injuries occurred during the course and scope of her employment, Defendant's workers' compensation carrier was notified of Plaintiff's work-related injuries.

43.     On or around January 16, 2014, Plaintiff visited OAA Orthopedic Specialists, Defendant's designated physician. During the visit, she underwent x-rays and received cortisone injections in each knee.

44.     On or around January 28, 2014, after visiting a podiatrist regarding her foot condition, Plaintiff was scheduled for tailor's bunion surgery on February 21, 2014.

45.     Plaintiff's immediate supervisor was out of the office, so she notified the latter's supervisor, Leigh Aubry, the Director, about the surgery.

46.     On or around January 28, 2014, Plaintiff emailed her supervisor and Human Resources about her upcoming surgery. In response, on or around February 4, 2014, Plaintiff received FMLA paperwork from Human Resources.

47.     Following a pre-surgical visit on or around February 11, 2014, Plaintiff's podiatrist faxed Defendant Plaintiff's FMLA paperwork on February 18, 2014.

9

48.     On or around February 19, 2014, after the aforementioned steroid injections failed to alleviate Plaintiff's knee pain, Defendant's designated doctor informed Plaintiff that an MRI, ordered on February 6th, had revealed a small tear in her left meniscus.

49.     That same day, and only one day after Plaintiff's podiatrist submitted FMLA documentation for Plaintiff's upcoming surgery, Defendant placed Plaintiff on a Monitored Action Plan ("MAP"). This was the first time Plaintiff, who up until that point had received good performance evaluations, received any notice of alleged deficient performance or discipline.

50.     Upon information and belief, Defendant's MAP consisted largely of embellishments and outright falsehoods regarding Plaintiff's performance.

51.     Upon receiving the MAP, Plaintiff advised Defendant that she did not think the document fairly reflected her performance, but stated that she would follow it nevertheless. That evening, Plaintiff drafted a response to the MAP and requested a meeting the following day with Human Resources to go over the MAP and her response. After several time changes, the meeting was confirmed for 4:30 pm on February 20, 2014.

52.     When Plaintiff arrived at the meeting, Defendant's HR Manager refused to read her reply to the MAP, but rather, informed Plaintiff that her employment was being terminated. Plaintiff was then escorted back to her desk to collect her belongings and subsequently escorted off the premises.

53.     Plaintiff indisputably had a serious health condition as defined by the FMLA and was therefore entitled to leave under the FMLA for her own serious health condition.

54.     It is believed and therefore averred that Defendant terminated Plaintiff because of her serious health condition in violation of the FMLA, because Plaintiff attempted to exercise her

10

rights under the FMLA to take leave for her own serious health condition, and because Defendant believed that Plaintiff would be taking an FMLA protected leave of absence.

55.    It is further believed and averred that Plaintiff's employment was terminated as a result of Plaintiff's claim and entitlement to workers' compensation benefits.

56.    Plaintiff has, because of Defendant's wrongful termination of Plaintiff's employment, been unable to obtain other employment.

57.    As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

## FACTS RELEVANT TO PLAINTIFF'S FLSA AND PMWA CLAIMS

58.    Paragraphs 1 through 57 are hereby incorporated by reference as though the same were more fully set forth at length herein.

59.    Upon information and belief, Defendant employs or has employed in excess of ten (10) other individuals in the position of Customer Account Manager at Defendant's location in East Greenville, PA.

60.    Plaintiff and Class Plaintiffs job duties were the same, which predominantly consisted of, generally, relaying customer requests and instructions to Defendant's Manufacturing Department, assisting with the maintenance of inventory records, providing non-technical customer support, and facilitating communications with customers.

61.    Defendant paid Plaintiff and Class Plaintiffs on a salary basis, or the same bi-weekly amount irrespective of the number of hours worked.

11

62. Defendant classified Plaintiff and Class Plaintiffs as exempt from the overtime pay provisions of the FLSA and PMWA.

63. Plaintiff routinely worked in excess of 40 hours per week as a Customer Account Manager. In 2012, Plaintiff worked on average approximately 1.5 hours of overtime per workweek. In 2013, Plaintiff worked on average approximately two (2) hours of overtime per workweek. Moreover, upon occasion, Plaintiff worked in excess of 45 to 50 hours per workweek.

64. Class Plaintiffs routinely worked in excess of 40 hours per week.

65. In addition, in accordance with Defendant's policy and practice, Plaintiff and Class Plaintiffs were supposed to receive an unpaid lunch period. It is Defendant's policy and practice to automatically deduct one (1) hour of pay from Plaintiff and Class Plaintiffs during each scheduled shift worked for their unpaid lunch period. Plaintiff and Class Plaintiffs, however, did not receive an uninterrupted one (1) hour lunch period during every shift worked and routinely performed work during their lunch periods on a daily basis. Defendant failed to pay Plaintiff and Class Plaintiffs for work performed during her lunch period in violation of the FLSA.

66. In violation of the provisions of the FLSA, Defendant did not have any mechanism in place to ensure that Plaintiff and Class Plaintiffs receive a full one (1) hour uninterrupted meal break during every shift, nor did it have any mechanism in place for Plaintiff and Class Plaintiffs to request compensation for work performed during her unpaid meal breaks. In other words, Plaintiff and Class Plaintiffs are/were unable to obtain or request overtime compensation for work performed during unpaid meal breaks.

12

67. Despite the fact that Plaintiff and Class Plaintiffs worked in excess of 40 hours per week, Plaintiff and Class Plaintiffs did not receive any compensation and/or overtime compensation for work performed in excess of 40 hours per week. Plaintiff and Class Plaintiffs were only paid the same weekly salary regardless of the number of hours they actually worked.

68. Defendant intentionally and improperly classified Plaintiff and Class Plaintiffs as "exempt" under the FLSA and therefore determined that Plaintiff and Class Plaintiffs were not entitled to overtime compensation.

69. Defendant unlawfully and intentionally misclassified Plaintiff and Class Plaintiffs as "exempt." Plaintiff and Class Plaintiffs were not exempt from receiving overtime compensation.

70. Plaintiff and Class Plaintiffs did not exercise any discretion or independent judgment over matters of significance on behalf of Defendant. Thus Plaintiff and Class Plaintiffs are not exempt from overtime compensation pursuant to the administrative exemption under the FLSA. Further, there are no other exemptions under the FLSA and PMWA which would be applicable to Plaintiff and Class Plaintiffs.

71. Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant.

72. Defendant intentionally failed to pay Plaintiff and Class Plaintiffs at a rate of at least 1.5 times their regular rate for each hour they worked in excess of forty (40) hours in a work week.

73. As a result of the Defendant's aforesaid intentional, unlawful actions, Plaintiff and Class Plaintiffs have suffered damages.

13

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
## INTERFERENCE AND RETALIATION

74.     Paragraphs 1 through 73 are hereby incorporated by reference as though the same were more fully set forth at length herein.

75.     Defendant employed at least fifty (50) employees at its various office locations within the applicable seventy-five (75) mile radius for each working day in each of (20) or more calendar days in the current or preceding year.

76.     Plaintiff was an eligible employee under the FMLA and entitled to 12 weeks of unpaid leave to deal with her own serious health condition.

77.     Plaintiff provided adequate notice to Defendant of her need for a medical leave by giving notice as soon as she became aware of the need for leave and as soon as was practicable, pursuant to 29 U.S.C. § 26 12(e).

78.     Defendant violated the FMLA by denying Plaintiff FMLA leave, terminating Plaintiff for requesting FMLA-qualifying leave and/or in retaliation for exercising her rights under the FMLA.

79.     The aforementioned actions of Defendant constitute both interference and retaliation violations of the FMLA.

80.     As a result of Defendant's actions, Plaintiff has suffered significant damages.

81.     Plaintiff has, because of Defendant's wrongful termination of Plaintiff's employment, been unable to obtain other employment, and has suffered significant wage losses and loss of potential bonuses.

14

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

(1)     Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00).

(2)     Monetary compensatory for the amounts expended by Plaintiff on health insurance premiums;

(3)     Liquidated damages;

(4)     Plaintiff's cost, disbursements and attorney's fees incurred in prosecuting this action.

(5)     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

(6)     Pre-judgment interest in an appropriate amount; and

(7)     Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO PAY OVERTIME COMPENSATION

82.     Paragraphs 1 through 81 are hereby incorporated by reference as though the same were more fully set forth at length herein.

83.     Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

15

84. Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

85. According to the policies and practices of Defendant, Plaintiff and Class Plaintiffs were required to work in excess of forty (40) hours per week. Despite working in excess of 40 hours per week, Plaintiff and Class Plaintiffs were intentionally denied overtime compensation for compensable work performed in excess of 40 hours per week in violation of the FLSA. In fact, Plaintiff and Class Plaintiffs were only paid the same weekly salary, regardless of the number of hours actually worked.

86. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

87. Defendant's actions were willful, not in good faith and in reckless disregard of clearly applicable FLSA provisions.

88. Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 2 16(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of herself and Class Plaintiffs:

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendant during the preceding three (3) years in the position of Client Account Manager and/or

16

positions with similar job duties, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime pay as required by the FLSA;

C. Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D. Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime pay to Plaintiff and Class Plaintiffs for work performed in excess of (40) forty hours per week;

E. Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F. Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G. Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H. Awarding pre and post-judgment interest and court costs as further allowed by law;

I. Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J. For all additional general and equitable relief to which Plaintiff and the Class may be entitled.

17

## COUNT III
## PENNSYLVANIA MINIMUM WAGE ACT
## 43 P.S. § 333, *ET SEQ.*

89. Paragraphs 1 through 88 are hereby incorporated by reference as though the same were more fully set forth at length herein.

90. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

91. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

92. By its actions alleged above, Defendant has intentionally violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

93. As a result of Defendant's intentional and unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE,** Plaintiff, on behalf of herself and the Class Plaintiffs, pray for judgment against Defendant as follows:

A. An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and their counsel as class counsel;

B. An award to Plaintiff and the Class for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

18

C. An award to Plaintiff and the Class of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D. An award to Plaintiff and the Class for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## COUNT IV
## WRONGFUL DISCHARGE UNDER PENNSYLVANIA COMMON LAW

94. Paragraphs 1 through 93 are hereby incorporated by reference as though the same were more fully set forth at length herein.

95. In December 2013, during the course and scope of her employment, Plaintiff suffered a work-related injury.

96. Plaintiff's work-related injury caused Plaintiff to require medical care and treatment.

97. Plaintiff provided Defendant with notice of the work-related injury and requested to see Defendant's designated workers' compensation doctor for evaluation and treatment for her injuries.

98. The Defendant unlawfully violated the public policy exception to Pennsylvania's common law tradition of at-will employment by unlawfully and retaliatorily terminating Plaintiff's employment because of Plaintiff's claim for benefits under Pennsylvania's Workers' Compensation Law.

99. Plaintiff's termination was in violation of public policy pursuant to Pennsylvania common law.

**WHEREFORE,** as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

19

(1)     Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than ($150,000.00) one hundred and fifty thousand dollars;

(2)     Compensatory damages and lost benefits;

(3)     Punitive damages for the Defendant's discriminatory practices which were committed with malicious and reckless indifference to Plaintiff's rights;

(4)     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

(5)     Pre-judgment interest in an appropriate amount; and

(6)     Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.


Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _____
Michael Murphy, Esquire
One Penn Center, Suite 1230
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
Attorney for Plaintiff

**EASTBURN & GRAY P.C.**
Grace M. Deon, Esquire
60 East Court Street
P.O. Box 1389

Doylestown, PA 18901-0137
gdeon@eastburngray.com
Attorney for Plaintiff

Dated: January 15, 2015

## CERTIFICATE OF SERVICE

I, Michael Murphy, hereby certify that on January 15, 2015, I caused a true and correct

copy of the foregoing to be served via electronic mail upon the following counsel:

Amy J. Traub, Esq.
Baker Hostetler
45 Rockefeller Plaza
New York, NY 10111-0100
TEL: 212-589-4248
atraub@bakerlaw.com
*Attorney for Defendant*

Sammi Malek, Esq.          **FILED**
Baker Hostetler
45 Rockefeller Plaza          JAN 1 5 2015
New York, NY 10111-0100 MICHAEL E. KUNZ, Clerk
TEL: 212-589-4275          By_____ Dep. Clerk
smalek@bakerlaw.com
*Attorney for Defendant*

_____

Michael Murphy, Esquire

Dated: January 15, 2015

22